F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**AUG 1 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JACKIE MANIS,

      Petitioner - Appellant,

v.

STATE OF OKLAHOMA,

      Respondent - Appellee.

No. 02-7032
(D.C. No. 01-CIV-387-S)
(E.D. Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **LUCERO** and **HARTZ**, Circuit Judges.

Pursuant to 28 U.S.C. § 2241, Petitioner-Appellant Jackie Manis filed with

the United States District Court for the Eastern District of Oklahoma a petition

for "habeas or other relief," in which he alleged violations of his rights under the

Double Jeopardy Clause of the United States Constitution. In addition, Mr. Manis

filed, again pursuant to 28 U.S.C. § 2241, a "Petition for Habeas 2241 Relief,"

---

[*]After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore ordered submitted without oral argument. This
Order and Judgment is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be
cited under the terms and conditions of 10th Cir. R. 36.3.

which asserted various due process violations. In particular, Mr. Manis sought "an order directing [Oklahoma] to correct their jury selection process, and records, and produce evidence that state withheld from defense counsel," and he made vague allegations that his prison sentence was being improperly administered. (R.O.A. Vol. I, Doc. 1.) In this same petition Mr. Manis also suggested that prison officials had denied him access to legal materials (id.); in related documents Mr. Manis complained about small prison cells, a lack of air conditioning, and a "reduction of medical, law library, and housing health hazards" at the Mack Alford Correctional Center, where his is imprisoned. (Id., Doc. 5.)

The district court liberally construed Mr. Manis's pro se filings, see Haines v. Kerner, 404 U.S. 519, 520 (1972), though it struggled with the tremendous lack of clarity in Mr. Manis's pleadings, as well as Mr. Manis's failure to present documents supporting his arguments. Ultimately, the court concluded that Mr. Manis should have presented his claims through either 28 U.S.C. § 2254 or 42 U.S.C. § 1983, rather than 28 U.S.C. § 2241, and denied Mr. Manis relief. (February 7, 2002 Order at 2-3.) The court also declined to grant a certificate of appealability (COA). See 28 U.S.C. § 2253(c)(1)(A); Montez v. McKinna, 208 F.3d 862, 866-67 (10th Cir. 2000).

On appeal, Mr. Manis renews his request for a COA and, in cursory fashion, alleges that "[§] 2254 form is in adequate. [Section] 2241 must be used." (Aplt. Br. at 15.) Having carefully reviewed the record on appeal and Mr. Manis's pleadings, we agree substantially with the reasoning of the district court. Accordingly, we **DENY** Mr. Manis's renewed application for a COA and **DISMISS** the appeal.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge